UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| VICTOR NATSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV422-284 |
| | ) | CR417-050-3 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Victor Natson moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence.  CR417-050, doc. 336.[1]  The Court directed the Government to respond to the Motion.  Doc. 340.  The Government has responded, conceding that Natson is entitled to relief on the single ground asserted.  *See generally* doc. 344.  As explained more fully below, therefore, Natson's Motion should be **GRANTED**.  Doc. 336.  Movant should be appointed counsel for the purposes of re-sentencing, and civil action CV422-284 should be **CLOSED**.

---

[1] The Court cites to the criminal docket in CR417-050 unless otherwise noted.

On February 27, 2018, Natson was sentenced, after conviction at trial, on one count of conspiracy to interfere with interstate commerce by robbery, one count of interference with interstate commerce by robbery (Hobbs Act Robbery), one count of interference with interstate commerce by attempted robbery (attempted Hobbs Act Robbery), one count of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, and one count of brandishing a firearm during and in relation to a crime of violence.  *See* doc. 261 at 1.  He was sentenced to two hundred and forty months of imprisonment, comprised of three thirty-six-month terms on the conspiracy and robbery counts, to be served concurrently, and a mandatory one-hundred-twenty-month term on the use of a firearm count and a mandatory eighty-four-month term on the brandishing a firearm count, to be served consecutively.  *Id.* at 2. He was also sentenced to a five-year term of supervised release.  *Id.* at 3. His Motion asserts, as the sole ground for relief, that his conviction for the brandishing count "is no longer supported by a valid predicate crime of violence . . . ."  Doc. 336 at 4, 14-15.

The Government's response to his Motion succinctly concedes "Natson's conviction on Count 6[, *i.e.*, the brandishing count] is invalid."

Doc. 344 at 2. It explains that the Supreme Court held, in *United States v. Taylor*, ___ U.S. ___, 142 S. Ct. 2015 (2022), attempted Hobbs Act robbery is not a crime of violence, under the relevant statutory definition. Doc. 344 at 2-3 (citing 142 S. Ct. at 2022). Natson's conviction on the firearm count was predicated upon his attempted Hobbs Act Robbery. *Id.* at 3. "Because Natson was convicted of violating section 924(c) during an underlying crime that does not qualify as a 'crime of violence,' his conviction on Count 6 is invalid." *Id.*

The Government notes that Natson's claim may be procedurally defaulted, but it expressly waives any procedural-bar defense. *Id.* at 3 (citing *Bryant v. FCC Coleman-Medium*, 738 F.3d 1253, 1261 (11th Cir. 2013)). Finally, Natson asserts, and the Government does not dispute, that his Motion is timely, apparently pursuant to 28 U.S.C. § 2255(f)(3). *See* doc. 336 at 11; *see generally* doc. 344. The Eleventh Circuit has recognized that "[t]he statute of limitations is an affirmative defense that the government waives if it fails to raise it in its response . . . ." *Rogers v. United States*, 569 F. App'x 819, 820-21 (11th Cir. 2014).[2] Thus, the

---

[2] The Court may, in some circumstances, raise a statute-of-limitations issue *sua sponte*. *Rogers*, 569 F. App'x at 821. The Court should decline to consider the issue *sua sponte* and find that the Government has made "an intelligent waiver of the

3

Government's response waives any procedural-default or statute-of-limitations defense to Natson's Motion.

Accordingly, Natson's § 2255 Motion should be **GRANTED**.[3] Doc. 334. If the Court adopts this recommendation, Movant should be

---

statute of limitations defense." *Rogers*, 569 F. App'x at 821. Courts have also recognized that, when the Government waives such defenses, the Court need not consider the substantive prerequisites to invoke § 2255(f)(3). *See, e.g., Brascomb v. United States*, 2015 WL 7300512, at *2 (M.D. Ala. Nov. 18, 2015) ("[A] . . . waiver of the limitations defense under § 2255(f)(3) removes, not only the issue of timeliness from the court's consideration, but also the issue of whether [the] Supreme Court's decision applies retroactively."); *see also Pedro v. United States*, 2022 WL 17418529, at *1 (S.D.N.Y. Nov. 30, 2022) (acknowledging possibility that *Taylor* applies retroactively). If the Court has misconstrued the Government's intent, the fourteen-day objection period provides it an opportunity to clarify.

Natson asserts that *Taylor* renders him "actually innocent" of the brandishing count to "overcome[ ] any timeliness related concern." *See* doc. 336 at 11. "Actual innocence" may be invoked to excuse untimeliness. *See, e.g., Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). However, in this context, " 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). At least one court in this Circuit has acknowledged a *Taylor*-based claim as sufficient to assert "actual innocence." *Hartsfield v. United States*, ___ F. Supp. 3d ___, 2022 WL 4295979, at *7 (S.D. Fla. Sept. 19, 2022). Assuming the Court has correctly construed the Government's intent to waive any statue-of-limitations defense, Natson's assertion of "actual innocence" is moot.

[3] The Government notes that Natson in an additional "memorandum," seeks a downward variance on resentencing, pursuant to the Supreme Court's decision in *United States v. Pepper*, ___ U.S. ___, 131 S. Ct. 1229 (2011). *See* doc. 344 at 4; doc. 342 at 6-10. The Government points out that the request for a downward variance "is not a cognizable basis for section-2255 relief." Doc. 344 at 4. That is correct. *See, e.g., United States v. Ford*, 2011 WL 5508835, at *2 (E.D. Ky. Nov. 9, 2011) ("The Court . . . agrees that Defendant's request for a downward variance based on post-offense rehabilitative behavior is not cognizable under § 2255."). It is dubious, however, that Natson understands his request for a downward variance as a ground for § 2255 relief. Neither his Motion nor the memorandum attached to it mention the

appointed counsel for the purpose of re-sentencing and civil action CV422-284 should be **CLOSED**.  This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

downward variance.  *See generally* doc. 336.  When he does raise it in the procedurally-ambiguous "memorandum," he summarizes *Pepper* as supporting the possibility of a variance "when a prisoner is resentenced . . . ." Doc. 342 at 6.  It appears, therefore, that Natson does not dispute the Government's suggestion that it "will address Natson's request [for the variance] at resentencing." Doc. 344 at 4.  The Court has, therefore, construed Natson's § 2255 Motion as asserting only one ground for relief.

5

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
 SOUTHERN DISTRICT OF GEORGIA